Mr. Frederick N. Scott, Sponsor Little Red Hen Committee Post Office Box 13135 Maumelle, Arkansas 72113
Dear Mr. Scott:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2008-018, 2007-327, 2007-287 and 2006-118. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name LOCAL TERM LIMITS AMENDMENT Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS LIMITING THE LENGTH OF TERMS OF OFFICE AND THE NUMBER OF TERMS OF OFFICE FOR ALL ELECTED COUNTY AND CITY OFFICES. *Page 2 
 THERE ARE TWO BRANCHES OF GOVERNMENT THAT ARE COVERED IN THIS AMENDMENT: LEGISLATIVE AND ADMINISTRATIVE. OFFICES THAT ARE ADMINISTRATIVE, SUCH AS MAYOR, COUNTY JUDGE, ASSESSOR, COLLECTOR, CLERK, TREASURER, OR SHERIFF ARE LIMITED TO TWO, FOUR YEAR TERMS, OR A TOTAL OF EIGHT YEARS. OFFICES THAT ARE LEGISLATIVE, SUCH AS JUSTICE OF THE PEACE OR ALDERMAN ARE LIMITED TO THREE, TWO YEAR TERMS, OR A TOTAL OF SIX YEARS.
 CURRENTLY, COUNTY OFFICES ARE FOR TWO YEAR TERMS AND MANY CITY OFFICES ARE FOR FOUR YEAR TERMS. MANY CITY OFFICES ARE ALSO FOR TWO YEAR TERMS. THIS AMENDMENT'S OBJECTIVE IS TO NOT ONLY TERM LIMIT THE OFFICE, BUT TO ALSO STANDARDIZE THE TERMS.
 BOARDS (INCLUDING SCHOOL BOARDS), COMMISSIONS, TOWNSHIP OFFICES, PROSECUTORS AND JUDGES ARE NOT AFFECTED.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); *Page 3 
and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958);Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in *Page 4 
the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558,339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to a remaining ambiguity in the text of your proposed measure. Additions or changes to your popular name and ballot title may also be necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following:
 1. The first section of your proposed amendment provides as follows:
 Term of office for elective County or City offices shall be for four years; and no person shall hold that same office for more than two such terms or for more than eight years total; EXCEPT that . . .
 The offices of Alderman and Justice of the Peace shall be for two years; and no person shall hold that same office for ore than three such terms or for more than six years total.
 While your proposed amendment would clearly set a two-year term of office for the office of alderman in a city having a mayor-council form of government,[1] certain language in your proposed ballot title *Page 5 
raises a question concerning the position of director on the board of directors in cities with the city manager or city administrator form of government. The city board in such cities constitutes the "legislative and executive body of the city." See A.C.A. § 14-47-109(a)(2) (Repl. 1998) (city manager form) and 14-48-110(a)(2) (Repl. 1998) (city administrator form). Under current law, the term of office for the position of city director is four years. Id. at 14-47-109(g) and 14-48-110(g).
 In stating that the term of office for "elective . . . City offices" shall be four years, your measure might be interpreted to include city directors who are voted on by the electors, id., in which case the measure would effect no change in the current law with respect to such offices. However, your proposed ballot title states in relevant part: "Offices that are Legislative, such as Justice of the Peace or Alderman are limited to three, two year terms. . . ." (Emphasis added.) Given that city boards of directors have legislative, as well as executive authority, the ballot title you have proposed casts doubt on the intention of your measure, specifically, on whether the term of office for city director in cities with the city manager or city administrator form of government is to be changed from four to two years. The ambiguity is reinforced, moreover, by the statement in your proposed ballot title that "Boards (including School Boards) . . . are not affected." This might be read to mean that a position of a city board of directors is unaffected by the proposed amendment, casting further doubt on the intention of Section 1 with respect to "elective . . . City offices."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. *Page 6 
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Currently, aldermen in mayor-council cities of 50,000 or more are elected to terms of four years. See A.C.A. § 14-43-303 (Supp. 2007). Aldermen in cities of the first class with a population less than 50,000, cities of the second class and incorporated towns are elected to two-year terms. See A.C.A. § 14-43-312 (first class), 14-44-103 (second class), and 14-45-102 (incorporated town) (Supp. 2007). There is a procedure under current law, however, by which voters in such cities and towns can approve an ordinance calling for the election of aldermen to a four-year term. Id.